UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROGRESSIVE MARATHON
INSURANCE,

      Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

      Defendant.
_____/

Case No. 16-10559

Honorable Nancy G. Edmunds

## OPINION AND ORDER DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE [11]

Defendant moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims with prejudice. Defendant argues that Plaintiff has not established standing to bring this lawsuit, which is an ERISA enforcement action. For the reasons stated below, the Court GRANTS Defendant's motion to dismiss Plaintiff's claims but does so WITHOUT PREJUDICE.

**I.　Background**

According to the Complaint, Thomas Prokuda sustained injuries in an automobile accident, and Plaintiff, Prokuda's no-fault automobile insurer, paid his medical bills. (Dkt. 1-1.) Plaintiff then brought an action in state court seeking reimbursement from Defendant, the administrator of Prokuda's employer-sponsored health plan. (*Id.*) Plaintiff asserted two claims against Defendant: (1) recoupment under Michigan state law; and (2) unjust enrichment. (*Id.*)

Both of Plaintiff's claims require determining whether Prokuda is entitled to benefits under Defendant's plan. (*See id.*) That plan is an Employee Retirement Income Security Act (ERISA) Plan (Dkt. 11-1), so Defendant properly removed the case to this Court. (*See* Dkt. 4-7.) Defendant now moves to dismiss Plaintiff's Complaint on the ground that Plaintiff has not established standing to pursue ERISA claims.

## II. Standard

When facing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court construes the complaint in the light most favorable to the non-moving party and accepts all factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The non-moving party will overcome the motion to dismiss only if its complaint contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* In deciding the motion, the Court may only consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the Court may take judicial notice. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

## III. Analysis

Defendant argues that Plaintiff cannot state a claim for relief because it has not established standing to pursue ERISA claims. The Court agrees. Only the following parties may bring an ERISA claim for benefits: participants, beneficiaries, assignees, and possibly contractual subrogees.[1] *Farm Bureau Gen. Ins. Co. of Mich. v. Blue Cross*

---

[1] The language quoted in Plaintiff's brief to support the argument that Plaintiff gained standing by paying Prokuda's medical bills does not stand for the proposition Plaintiff suggests. (*See* Dkt. 13, at 3.) Plaintiff implies that the quote reflects part of the Sixth

2

*Blue Shield of Mich.*, 2016 WL 3924243, at *3 (6th Cir. July 21, 2016) (internal citations omitted). Plaintiff's Complaint does not allege that Plaintiff falls within any of these categories. Therefore, Plaintiff has not established standing to pursue these claims.

Furthermore, even if Plaintiff had alleged standing, Plaintiff has not satisfied ERISA's requirement of administrative exhaustion. In the Sixth Circuit, "it is well settled that ERISA plan beneficiaries must exhaust administrative remedies prior to bringing a suit for recovery on an individual claim." *Hill v. Blue Cross and Blue Shield of Mich.*, 409 F.3d 710, 717 (6th Cir. 2005) (internal citations omitted). And the administrative exhaustion requirement extends to assignees of participants and beneficiaries. *Prudential Property and Cas. Ins. v. Delfield Co. Group Health Plan*, 187 F.3d 637 (Table), 1999 WL 617992, at *3 (6th Cir. 1999). However, an exception to the requirement applies "when the remedy obtainable through administrative remedies would be inadequate or the denial of the beneficiary's claim is so certain as to make exhaustion futile." *Hill*, 409 F.3d at 719 (internal citations omitted).

The ERISA plan at issue creates an administrative scheme for resolving disputes (*see* Dkt. 11-1, at 92-93), but Plaintiff has failed to allege either that it exhausted administrative remedies or that resort to administrative procedures would be futile. The Complaint alleges only: "As a result of Progressive's payment in the amount of $33,862.31, Progressive accrued a right of recoupment against this Defendant.

---

Circuit's holding in *Farm Bureau Gen. Ins. Co. of Mich. v. Blue Cross Blue Shield of Mich.*, 2016 WL 3924243 (6th Cir. 2016). However, the quoted statement was only summarizing the lower court's analysis. *See Farm Bureau Gen. Ins. Co. of Mich.*, 2016 WL 3924243, at *5 ("The [district] court assumed that *if* Farm Bureau had paid for Van Camp's medical bills, Farm Bureau could then bring a claim under [ERISA].") (emphasis in original). Therefore, the Court believes Plaintiff has either misstated or misapprehended the law.

3

Defendant was put on notice of the accident and Progressive's demand for recoupment has been refused by the Defendant." (Dkt. 1-1, at 4-5.) Therefore, Plaintiff's failure to allege either administrative exhaustion or futility provides another ground for dismissing the Complaint.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, but Plaintiff's claims are dismissed WITHOUT PREJUDICE.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  November 22, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 22, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager